United States District Court
Central District of Illinois

Michael Stone
    Plaintiff,

vs.

Justin Hammers,
Brian K. Button, c/o Dams
Robert Stachniak, Shane R.
Donelson, c/o Markly,
Christy Smith, c/o N. Smith,
Ryan D. Rivera, and Brad
Johnson, in their individual
capacities.
    Defendants.

Case No.

Jury Trial Demanded

# Complaint

## I
### Introduction

1.) This is a 42 U.S.C. §1983 action filed by Plaintiff Michael Stone, a state prisoner at Illinois River C.C. P.O. Box 999, Canton IL 61520, alleging violation of his constitutional rights (First Amendment and Due Process and seeks money damages.

## II
### Jurisdiction

2.) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States

3.) Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seek to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

1

## III. Parties

4.) Plaintiff Michael Stone at all times relevant was confined by the Illinois Department of Correction (IDOC) at Illinois River Correctional Center.

5.) Defendant Justin Hammers is, and on information and belief at all relevant times herein mentioned was, the Warden of Illinois River C.C., a prison under the control of IDOC within the state of Illinois. Defendant Hammers has responsibility for the execution of IDOC policies, procedures, and practices at Illinois River C.C. including the approval of disciplinary actions, and punitive segregation sentences, along with grievance decisions. As to all claims presented herein against him, Defendant Hammers is being sued in his individual capacity for damages. At all relevant times, Defendant Sullivan has acted under color of state law.

6.) Defendant Robert Stachnick is, and on information and belief at all relevant times herein mentioned was a Barber Supervisor and Grievance Officer at the same time at Illinois River C.C. As to all claims presented herein against him, Defendant Stachnick is being sued in his individual capacity for damages. At all relevant times, Defendant Stachnick has acted under color of state law.

7.) Defendant Brian K. Button is, and on information and belief at all relevant times herein mentioned was a part of the Hearing Committee/Adjustment Committee and chair Person at Illinois River C.C. As to all claims presented herein against him, Defendant Button is being sued in his individual capacity for damages. At all relevant times, Defendant Button has acted under color of state law.

8.) N. Smith. Defendant is, and on information and belief at all relevant times herein mentioned was a part the Hearing Investigator at Illinois River C.C. As to all claims presented herein against him, Defendant N. Smith is being sued in his individual capacity for damages. At all relevant times, Defendant N. Smith has acted under color of state law.

9.) Defendant Ryan J. Rivera is, and on information and belief at all relevant times herein mentioned was a part of the Adjustment Committee at Illinois River C.C. As to all claims presented herein against him, defendant Rivera is being sued in his individual capacity for damages. At all relevant times, defendant Rivera has acted under color of state law.

10.) Defendant Shane R. Donelson is, and on information and belief at all relevant times herein mentioned was Intel Coordinator at Illinois River C.C. As to all claims presented herein against him, defendant Donelson is being sued in his individual capacity for damages. At all relevant times, defendant Donelson has acted under color of state law.

11.) Defendant Christy Smith is, and on information and belief at all relevant times herein mentioned was the Grievance Officer at Illinois River C.C. As to all claims presented herein against her, defendant Smith is being sued in her individual capacity for damages. At all relevant times defendant Smith has acted under color of state law.

12.) Defendant Brad Johnson is, and on information and belief at all relevant times herein mentioned was Internal Affairs (IA) at Illinois River C.C. As to all claims presented herein against him, defendant Johnson is being sued in his individual capacity for damages. At all relevant times defendant Johnson has acted under color of state law.

## IV Exhaustion of Available Remedies

13.) Plaintiff Exhausted His Administrative Remedies Before Filing this Complaint (see Declaration as Exh "H").

## V. Factual Statement

14.) On 11/21/17 I had a call pass for the barber shop for 11:30 a.m. When I made it to the barber shop I greeted everybody and gave my call pass to the Barber Supervisor Robert Stachnick and waited in the chair for the barber Glenn Reed to finish the person who he was cutting.

15.) When Mr. Reed was finished I sat in his chair and proceeded to get my hair cut. While I was getting my hair cut I talked to Mr. Reed along with another barber the whole time about a movie they showed on the movie channel. When I was finished, I grabbed my pass and start talking to the barbers until we was called out at around 12:10 p.m.

16.) At 4:15 p.m. about five officers came to my cell and asked for me by my last name. I answered and they told me to get out the bed and put my blues on. When I placed my blues on I was told to turn around to cuff up. I asked, "Why am I being cuffed up?" and they told me, "You know what you did." I asked what did I do and again one of the c/o's stated, "You know what you did earlier." I shook my head as they walked me to segregation.

17.) The disciplinary report was not served on me, but I received it through the mail six days later, but c/o Davis 852 stated he served it on me the next day on 11/22/17 and I refused to sign it (See Exh "A").

18.) Before I received the disciplinary report I was called to Operations (IA) from segregation and spoke to c/o Markly and asked questions about the barber shop. He asked me did I threatened anybody or have any words with Mr. Stachnick and I said emphatically, "No", and that I never threatened anybody. I advised c/o Markly that he could ask the barbers and the other witnesses who were there and he advised me that he will talk to them. (See Declaration as Exh "A").

19.) The ticket (disciplinary report) stated that I asked Robert Stachnick for a garbage bag and when he denied me, I stated, "I'm going to put a hit out on you." When I asked him again and he denied me again I stated "I'm going to send my people at you (See Exh "B").

4

Mr. Stachnick stated he identified me by my ID.

20.) Mr. Stachnick never asked me for my ID for anything. None of this happened. The Disciplinary report was falsified to place me in segregation for not only placing or filing a lawsuit against defendants Shawn R. Donelson and Justin Hammers but to also make me miss my dead lines for November 27, 2017 and December 27, 2017, or for filing it on November 17, 2017.

21.) After I read the ticket I called the C/O and asked to see the Lt. and a crisis team, but the nurse only came. I told her that I was having an anxiety attack because I was being falsely accused and that the ticket came through the mail, which should not have happened like that.

22.) The nurse said she couldn't do anything about it, so I filled out the witness part of the disciplinary report and placed two witnesses on the list, which was Coleen Reed K-02280 and Daventa Kemp M51150, I gave it to the C/O to be placed in the mail box for when I hear my ticket (See Declaration as Exh "A").

## Denial of Due Process And Conspiracy

23.) When I read the ticket for the seventh time I notice that the handwriting on the disciplinary report appeared to be the same handwriting of defendant Shawn R. Donelson (See Exh "B") which is the disciplinary report of Mr. Stachnick and Exh "C" which is also the handwriting of Mr. Stachnick and is different from the handwriting on the report.).

24.) Now look at Exhs "D", "E" and "F", which is the handwriting of Defendant Donelson. If you look at the letters and specifically the letter "R" on Ex "D" and the letter "R" on Exh "B" it appears to be the same handwriting or the exact same letter "R" written by the same individual.

25.) I was seeking judicial relief through the Courts at the time against Defendant Shawn R. Donelson (See Case No. 17-cv-117-SEM-TSH), which I had the above dead lines for (Nov. 27, 2017 and Dec. 27, 2017). I placed my summary judgment for that complaint on Nov. 17, 2017.

5

26.) I went in front of the Adjustment Committee on 12/4/17, which consisted of defendants Brian K. Batton and Ryan J. Rivera.

27.) At the hearing Lt. Batton asked me how do I plea and I said, "Not guilty." Lt. Batton read the ticket out and asked me what happened?

28.) I tried to tell Defendant Batton that I never threatened Mr. Stachniak in any way and that this was retaliation for filing a lawsuit, but he stopped me and said, "Why would he lie on you?" When I tried to tell him about Defendant Donelson's handwriting and the retaliation again, Defendant Batton stopped me again in mid-sentence and said, "Ah, here we go!" and continue, "I never knew him to write a ticket."

29.) Defendant Batton interrupted me every time I tried to explain myself and would not let me make a full statement.

30.) After the last interruption I asked Lt. Batton would my witnesses be called. He asked me did I put the witness list in the mail and I said yes and he did not have it, so I gave Defendants Batton and Rivera the names of the witnesses and asked them will they talk to them and Lt. Batton said, "I will talk to them." (See Declaration as Exh "A" for all the above)

31.) I received the Adjustment Committee's Final Summary Report and they found me guilty and lied by stating "No Witness Requested," even though it was a room full of witnesses there (See Exh "G").

32.) Defendants Batton and Rivera simply took Mr. Stachniak's word for it without any investigation or any evidence as seen in their summary report (See Exh "G"), and denied me the right to call witnesses to my hearing maliciously and deliberately, while denying me the right to make a full statement.

33.) Defendant N. Smith was appointed as my Hearing Investigator. While I was in segregation N. Smith was one of the c/os working the wing

6

and I asked him did he investigate the witnesses or anything pertaining to the charges I was found guilty on and he told me "No." I asked him "why did you sign the ticket if you didn't investigate anything and he told me they don't give him enough time to investigate (See Declaration as Exh "A")(Also see Exh "B" The disciplinary report with N. Smith's signature as Hearing Investigator).

34.) I filed grievances on all the above claims and exhausted all availabeable remedies (See Exh "H").

35.) I was released out of segregation on December 21, 2017 and my grievances on all the above claims were processed on December 22, 2017 (See Exhs "I" and "J").

36.) At the same time that I wrote these grievances on the defendants, one of the defendants who is the center of this complaint was made the grievance officer, which is Defendant Robert Stachniak (See Exhs "K", "L", "M", and " ").

37.) Robert Stachniak conspired against me and was rewarded for placing me in segregation and to also be placed in a position to cover up their misconduct, which is clear from the following events:

1.) I filed a grievance on the culture here at Illinois River C.C. that spoke on staff misconduct, retaliation, collusion, staff incompetence and Nepotism of staff and defendant Stachniak as the grievance officer responded to the grievance (See Exh "M").

2.) In Mr. Stachniak's response to my grievance he stated:

"This Grievance officer also notes that 504.810[c] states ". The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of, or who is otherwise involved in the complaint." (See Exh "M")

As a result that grievance was deemed "Moot"(see Exh "M").

3.) When I did file grievances 17-0612 and 17-0610 on 12/22/17 I followed 504.810[c], grievances that I filed before the above grievance that Mr. Stachniak responded to (see Exh "H"). In those grievances

7

where Hearing Officer was C/O Christy Smith (Defendant) who was in cahoots with the defendants failed to do her duty as the grievance officer to hide the misconduct of the defendants (See Exhs "I" and "J").

4.) While Defendant Stachnick is still a grievance officer, he still holds his position as the barber shop supervisor.

5.) These grievances where denied and I sent them to the Administrative Review Board and they also denied them (See Exhs "N", "O", "I" and "N").

6.) In those grievances I addressed the following claims:

1.) I was denied to call my witnesses by the Hearing Board.

2.) Defendants failure to investigate witnesses.

3.) The Hearing Board taking the Reporting officers or staffs word as the basis of their decision without any investigation or proof.

4.) The failure of C/O Dunn to serve on me the disciplinary report. and

5.) Conspiracy, Collusion, Retaliation and Nepotism (See Exhs "I" and "J").

38.) In early Feberuary of 2018, I received the incident report for the disciplinary report I received for 11/21/17. In this incident report with Defendant Stachnick's signature on it, he placed three witnesses on there that he stated witnessed me threaten him (See Exh "P").

39.) One of the witnesses, which was Gleen Reed Jr. K-02280 was placed on the incident report, which was also one of the witnesses I placed on my witness list and and asked to be questioned (See Exh "A").

40.) I talked to all three witnesses on that incident report and all of them told me that they didn't tell Stachnick (Defendant) or anybody that they witnessed me threaten Defendant Stachnick. I asked them were they called to the Hearing or questioned about it and they said "No." (See Exh "H" as Declaration).

8

41.) I told all three men (Gleen Reed, Jerry Greer and Anthony Parks) that Defendant Stachnick wrote them down as witnesses that seen me threaten him and they told me. They did not give Mr. Stachnick consent to place them as witnesses and stated to me they confronted Mr. Stachnick about what he did as they told him they didn't witness me threaten him (See Exh "H").

42.) I asked the witnesses on that incident report for declarations and I received one from Gleen Reed Jr. K-02280 and one from Anthony Parks M-22547 stating that they never seen or witnessed me threaten Defendant Stachnick (See Declarations as Exhs "Q" and "R").

43.) I also received declarations from other witnesses who were there that did not see me threaten Mr. Stachnick nor did they see Mr. Stachnick ask for my ID (See Exhs "S" and "T", which is the declarations of Davonte Kemp M51150 and Melvin D. Turner).

44.) I also received a declaration from the barber worker Jahmal Peebles who also did not see or hear me threaten Mr. Stachnick (See Exh "U").

45.) Jerry Greer B-28394 told me he had words with Mr. Stachnick because he did not tell Mr. Stachnick that but he did not want to sign a declaration out of fear that he would be retaliated against and lose his job (See Exh "H").

46.) Mr. Stachnick along with Defendants maliciously and deliberaly conspired against me for excercising my First Amend. Right to file complaints. They didn't take me to segregation until the shift changed because they didn't want none of the workers to see me being taken away in hand cuffs as they falsified their names on the incident report as witnesses to the threat without their consent.

47.) I wrote Defendant Justin Humme a letter on 2/21/18 pertaining to the falsified report and the misconduct of his staff conspiring against me by placing witnesses names on incident reports and saying that they witnessed a threat when they didn't, nor gave Defendant Stachnick consent (See Exhs "V" and "H").

48.) On 2/22/18 I filed a grievance (see declaration as Exh "H")) stating the following claims:

  1.) Defendant Stachniak falsified witnesses on the incident report for the disciplinary ticket for 11/21/17 without their consent, nor without questioning them.

  2.) I attached the incident report to the grievance and asked in relief that:

    1.) Those witnesses be question along with other witnesses who were there that day
    2.) That disciplinary actions be taken against Robert Stachniak if those witnesses where place on the incident report without their knowledge, and
    3.) For the expungment of the disciplinary report (See Exh "H")).

49.) When I asked about the update of this grievance I was told that there was not a grievance filed on 2/22/18 or any grievance pertaining to witnesses be falsified on a report. My grievance was come up missing or was destroyed on this issue (See Exh "H"), which explains why Christy Smith (defendant) ignored my claims in the first grievances when it came to investigating any witnesses, being denied to call my witnesses and the rest of the defendants failure to talk to any witnesses.

50.) I filed a police report on 2/22/18 also with the Illinois State Police to have an investigation take place for and against defendants for conspiracy and falsifying documents and other due process violations (See Exh "W").

51.) When nothing was appearing to happen, I had family members to call the Illinois State Police to see if they received the complaint and they stated yes, but nothing happened. When I had family members to call to see what was being done, they were sent to the answering machine (See Exh "H").

52.) When I sent the complaint or a copy of the complaint home to fax or whatever to the Illinois State Police themselves I was call to Operations (IA) a few days later by Defendant Brad Johnson (See Exh "H")

53.) I seen Defendant Johnson on 3/28/18 and he asked me about the proof of my allegations and I let him know I have paper work to prove my allegations and that I wish to have an investigation on weather the

10

witnesses on the incident report made statements against me or was called to the hearing, which was the only way they could be placed as witnesses (See Exh "H") and he stated this is why he called me.

54.) Defendant Johnson told me he would call me back the next day to see the paper work but it did not happen.

55.) Lt. Johnson called me back to Operations on 4/9/18. He questioned me about my issues and typed up a statement that I didn't agree with so I did not sign it. I showed him my paper work, including the incident report and he copied it (See Exh "H").

56.) I asked Lt. Johnson will I be getting a summary report to show that this meeting happened and I was told he could not do that. Lt. Johnson had a copy of the Police report and when I asked him who sent him the report or complaint he told me Deputy Commander Investigator Salami. I asked him for the address to his office and a number and he lied and told me he does not have it (See Exh "H").

57.) No investigation has taken place as Defendant Brad Johnson is also in cahoots to conspire against me to cover up the misconduct of staff here at Illinois River C.C. It was in his power to investigate the misconduct of staff and he chose not to, along with other defendants in this action.

58.) My letter to Defendant Hammers returned with my grievances on 3/28/18 with a red slash in the middle of it with no response (See Exh "H" and "V").

59.) My grievance on Robert Stachnick falsifying documents and witnesses on reports is still missing as defendants chose not to address this issue through the grievance process or any other process. I tryed to exhaust.

60. Defendant Johnson knew about this incident report already, and the witnesses names as a copy was sent to IA (Internal Affairs), which is the position of Defendant Johnson (See Exh "P") Exh "P" also shows Defendant Hammers also knew about it as his signature is also on the False document.

11

# Claims for Relief

## A. Violation Of Due Process

60. Defendants Button and Rivera denial to call Plaintiff's witnesses to his hearing, to base their decision soley on the reporting officers word without any investigation or proof, along with denying Plaintiff to make a full statement violated Plaintiff's Due Process.

61. As Plaintiff's Hearing Investigator N. Smith violated Plaintiff's Due Process by failing to investigate the disciplinary report when he was assigned as the Hearing Investigator, although he signed off on Plaintiff's disciplinary report that he did when no investigation took place violated Plaintiff's Due Process.

62. Defendant Dams violated Plaintiff's Due Process when he failed to serve the disciplinary report on Plaintiff.

63. Robert Stachnick violated Plaintiff's Due Process when he placed witnesses on documents stating they seen Plaintiff threaten him, when defendant Stachnick never received those witnesses consent, nor did he question those witnesses before he placed them as witnesses to the incident of the disciplinary report.

## B. Conspiracy And Retaliation

64. Defendant Robert Stachnick filing of false disciplinary reports, false documents, and placing witnesses on documents without their consent against Plaintiff for filing a lawsuit against prison staff constituted retaliation and conspiracy for petitioning government for redress of grievances and therefore violated the first Amendment.

65. Defendant Davidson whose handwriting appears to be on the false disciplinary report but with another staff members name as the reporting officer written against Plaintiff for filing a lawsuit against prison staff constituted retaliation and conspiracy for petitioning government for redress of grievances and therefore violated the first Amendment.

66. The failure of defendants Christy Smith, Justin Hammers, C/O Markly, and Brad Johnson to act on their knowledge of the act of retaliation and false documents by staff to Plaintiff as a result of Plaintiff filing a lawsuit against prison staff constituted retaliation and conspiracy for petitioning government for redress of grievances and therefore violated the first Amend.

12

67. All defendants who conspired to violate Plaintiff's First Amendment and Due Process rights for filing a lawsuit against prison staff constituted conspiracy and retaliation for petitioning government for redress of grievances and therefore violated the First Amendment.

## Relief Requested

A.) Declare that defendant Button and Rivera violated Plaintiff's Due Process rights when they denied him the right to call his witnesses to the hearing or investigate witnesses, denied Plaintiff the right to make a statement and to rely on the reporting officers word that Plaintiff was guilty.

B.) Declare that Defendant Dams violated Plaintiff's Due Process when he did not serve on him the disciplinary report.

C.) Declare that Defendants Robert Stachnick and Shane R. Donelson violated Plaintiff's First Amendment Right not to be retaliated against for filing lawsuits.

D.) Declare that defendant Robert Stachnick's filing of false documents and placing witnesses on documents by stating they witness something that they did not give him consent nor told him they witness it to place Plaintiff in segregation for exercising his right to file grievances and lawsuits violated this First Amend. and Due Process rights.

E.) Declare that Justin Hummers, C/O Markly, Christy Smith, and Brad Johnson violated Plaintiff's First Amend. and Due Process when they failed to investigate this matter out of retaliation for filing lawsuits against staff at Illinois River C.C.

F.) Award Compensatory damages in the following amounts:
$100,000 jointly and severally against Defendants Button, Rivera, Stachnick and Donelson.
$10,000 jointly and severally against defendants Justin Hummers, C/O Markly, Christy Smith, Brad Johnson and N. Smith.

G.) Award Punitive damages in the following amounts.
$5,000 each against defendants Button, Rivera, Stachnick, Donelson, Hummers, Markly, Christy Smith, Brad Johnson and N. Smith.

H.) Issue an Injunction ordering defendants or any other Illinois River Correctional officer to stop retaliating against Plaintiff and Expunge the disciplinary convictions described in this complaint from the Plaintiff's institutional record. And that defendants be held accountable for their misconduct.

/s/ Michael Stone
Michael Stone
R-18027
P.O. Box 999
Canton IL 61520
Illinois River C.C.

Date

13